**UNITED STATES DISTRICT COURT**
**DISTRICT OF MASSACHUSETTS**

| | | |
|---|---|---|
| AMY RYAN, ERIC BRODEUR, RENELL PRESTON and SIMA PERSAD RAHMAN *on behalf of themselves and all others similarly situated*, Plaintiffs, | : | Civil Action No. 1:26-cv-10782-JEK |
| v. | : | |
| NOVA BIOMEDICAL CORPORATION, Defendant. | : | |

**DEFENDANT NOVA BIOMEDICAL CORPORATION'S UNOPPOSED MOTION TO STAY DISCOVERY PENDING RESOLUTION <u>OF ITS MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT</u>**

Pursuant to Federal Rule of Civil Procedure 26(c) and this Court's inherent authority, Defendant Nova Biomedical Corporation ("Nova") moves for an order staying all discovery in this action pending resolution of Nova's Motion to Dismiss the Amended Class Action Complaint (ECF Nos. 33, 34; the "Motion to Dismiss"). Plaintiffs do not oppose the relief requested. In support of this Motion, Nova states as follows:

1. Plaintiff Eric Brodeur filed his initial class action complaint on February 11, 2026 (ECF No. 1[1]), and Nova moved to dismiss that complaint on June 30, 2026. (ECF Nos. 24, 25.)

2. Plaintiffs thereafter filed the Amended Class Action Complaint (the "FAC") on July 15, 2026, adding Plaintiffs Ryan, Preston, and Rahman and dropping Brodeur's prior negligence *per se* claim. (ECF No. 29.) The FAC asserts five claims arising out of a cyberattack

[1] This matter was initially assigned to the Honorable George A. O'Toole. On October 14, 2026, it was reassigned to the Honorable Julia E. Kobick. (ECF No. 40.)

that disrupted Nova's operations on July 22, 2025: negligence (Count I), breach of implied contract (Count II), invasion of privacy (Count III), unjust enrichment (Count IV), and declaratory judgment (Count V).

3. On August 12, 2026, Nova moved to dismiss the FAC in its entirety. (ECF Nos. 33, 34.) The Motion to Dismiss argues that every Plaintiff lacks Article III standing because no Plaintiff plausibly pleads injury in fact, traceability, or redressability, and that each of the five counts independently fails to state a claim. (*Id.*)

4. Plaintiffs opposed the Motion to Dismiss on September 16, 2026 (ECF No. 37), and, with leave of Court, Nova filed its reply on October 22, 2026. (ECF Nos. 41–43.) The Motion to Dismiss is fully briefed and ripe for decision.

5. Following the parties' Rule 26(f) conference and Joint Statement (ECF No. 13), the Court on April 27, 2026 directed the parties to exchange initial disclosures within sixty days, set October 13, 2026 as the deadline to add parties or amend pleadings, and directed that, "[t]o the extent the parties believe additional scheduling deadlines are necessary at that point, they shall propose a joint schedule." (ECF No. 19.) The parties have not done so, and no deadlines for fact discovery, expert discovery, or class certification, or a trial date, have been set.

6. Plaintiffs served their First Set of Interrogatories and First Set of Requests for Production on September 22, 2026, with responses due within thirty days.

7. The parties met and conferred regarding discovery on October 21, 2026, during which Plaintiffs' counsel indicated that Plaintiffs do not oppose a stay of discovery pending resolution of the Motion to Dismiss.

8. "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for

counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). Rule 26(c) separately authorizes the Court, "for good cause," to "issue an order to protect a party or person from . . . undue burden or expense," including an order staying discovery pending the outcome of a dispositive motion. Fed. R. Civ. P. 26(c)(1). "'The court has broad discretion to stay discovery pending resolution of a motion to dismiss.'" *Hillside Plastics, Inc. v. Dominion & Grimm U.S.A., Inc.*, No. 17-cv-30037, 2018 WL 3727365, at *2 (D. Mass. Aug. 6, 2018) (quoting *DiCenzo v. Mass. Dep't of Corr.*, No. 15-cv-30152, 2016 WL 158505, at *1 (D. Mass. Jan. 13, 2016)). Indeed, "[a] pending dispositive motion constitutes good cause for a stay of discovery." *Id.* at *2.

9. Good cause exists here. The Motion to Dismiss turns on Article III standing and the sufficiency of Plaintiffs' own allegations, so its resolution is confined to the four corners of the FAC, and discovery would not bear on the Court's analysis. (ECF Nos. 34, 43.) If the motion is granted in full, no discovery would be necessary. *See Aponte-Torres v. Univ. of P.R.*, 445 F.3d 50, 59 (1st Cir. 2006) (affirming stay of discovery pending resolution of fully briefed dispositive motion and rejecting plaintiffs' request for additional discovery absent a particularized showing of need). As courts in this District recognize, "it makes little sense to force either side to go through expensive discovery where all, or part, of the case may be dismissed." *Steward Health Care Sys. LLC v. Southcoast Health Sys., Inc.*, No. 15-cv-14188, 2016 WL 11004353, at *2 (D. Mass. June 15, 2016).

10. Even a partial ruling would materially narrow the case and the proper scope of discovery. "[T]he possibility that a single claim will survive does not preclude granting a motion for a stay." *Channing Bete Co. v. Greenberg*, No. 19-cv-30032, 2021 WL 4398510, at *2 (D. Mass. Sept. 27, 2021). Plaintiffs' opposition does not address Count V, which suggests that the scope of the case may narrow regardless of how the remaining counts are resolved.

11. A stay would also avoid discovery costs that may prove unnecessary. Plaintiffs' requests, as issued, would require Nova to collect, review, and produce more than five years of data-security, training, vendor, budgeting, insurance, call-record, and forensic investigation materials, and certain requests would require individualized compilation across a large population of potentially affected individuals. Where, as here, a defendant "has raised potentially dispositive issues, it would be prudent to test the merits of Plaintiff's allegations before engaging in costly class discovery." *Osidi v. Assurance IQ, L.L.C.*, No. 21-cv-11320, 2022 WL 623733, at *2 (D. Mass. Mar. 3, 2022) (internal alterations omitted).

12. A stay would likewise conserve judicial resources and serve Rule 1's directive to secure the "just, speedy, and inexpensive determination" of every action. Fed. R. Civ. P. 1; *see Landis*, 299 U.S. at 254. Absent a stay, the parties may need to raise scope and proportionality disputes before it is known which claims, if any, will proceed.

13. Finally, the requested stay is brief and non-prejudicial. It would last only until the Court rules on a fully briefed motion, would not disturb any deadline the Court has fixed. Plaintiffs do not oppose the stay and seek no preliminary injunctive relief. A "relatively brief delay" in discovery pending disposition of a dispositive motion is reasonable. *DiCenzo*, 2016 WL 158505, at *2.

WHEREFORE, Nova respectfully requests that the Court stay all discovery in this action, including Nova's obligation to respond to Plaintiffs' outstanding discovery requests, pending resolution of Nova's Motion to Dismiss, and direct the parties to submit, within thirty (30) days after the expiration of the stay, a proposed discovery schedule that includes a deadline for Nova to respond to any then-pending discovery requests.

**CERTIFICATE OF COMPLIANCE WITH LOCAL RULE 7.1(A)(2)**

I, Scott T. Lashway, counsel for the Defendant in the above-captioned action, hereby certify that on October 21, 2026, counsel for the Defendant conferred with counsel for the Plaintiffs before filing this Motion. Counsel for Plaintiffs stated that they did not oppose a stay of discovery pending resolution of Nova's Motion to Dismiss.

Dated: October 30, 2026

Respectfully submitted,

*/s/ Scott T. Lashway*

Scott T. Lashway (BBO #655268)
Matthew M.K. Stein (BBO #666127)
Mara A. O'Malley (BBO #693946)
MINTZ, LEVIN, COHN, FERRIS, GLOVSKY AND POPEO, P.C.
One Financial Center
Boston, Massachusetts 02111
(617) 542-6000
*slashway@mintz.com*
*mstein@mintz.com*
*momalley@mintz.com*

***Counsel for Defendant***
***Nova Biomedical Corporation***

**CERTIFICATE OF SERVICE**

I hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on the date of electronic filing.

Dated: October 30, 2026

*/s/ Scott T. Lashway*
Scott T. Lashway